UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSÉ DAVID JIMÉNEZ-ECHEVARRÍA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 13-1748 (JAF)

(Crim. No. 10-251-3 (JAF))

## **OPINION AND ORDER**

Petitioner, José David Jiménez-Echevarría, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 10-251. (Docket No. 1.)

**I.**

**Background**

Petitioner was charged with two drug-related offenses: one count of conspiracy to distribute narcotics in a protected location and one count for possessing a firearm in relation to a drug trafficking crime. On January 13, 2011, Petitioner agreed to plead guilty on both counts. (Crim. Docket No. 999.) We sentenced Petitioner to 168 months. (Cr. Docket No. 1803.) The Petitioner did not seek appeal of his conviction. Judgment was entered on May 23, 2011. On October 3, 2011, Petitioner filed a motion for relief under 28 U.S.C. § 2255. (Docket No. 1.) Respondent opposes. (Docket No. 3.)

## II.

## **Legal Standard**

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III.

## **Discussion**

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255, has a one-year limitations period. See § 2255(f). The period begins to run from "the date on which the conviction becomes final." § 2255(f)(1). When a federal criminal defendant has exhausted his appeals, the conviction becomes final when the time for filing a petition for

certiorari with the Supreme Court expires. See Clay v. United States, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").

Here, Petitioner did not appeal his conviction and judgment was entered on May 23, 2011. The one-year limitations period specified in § 2255(f) expired one year later, on May 23, 2012.

Petitioner waited until October 3, 2013, to file this § 2255 motion. (Docket No. 1.) This was more than one year after the one-year limitations period expired. Thus, Petitioner's claim is untimely and subject to dismissal.

Petitioner asserts, however, that he is entitled to equitable tolling because the Supreme Court's decision in Alleyne v. United States provides a new constitutional rule that should be applied retroactively. See Ramos–Martinez v. United States, 638 F.3d 315, 319 (1st Cir.2011) (the one-year limitations period may be subject to equitable tolling under certain circumstances).

Petitioner's Alleyne argument is dubious at best. In Apprendi v. New Jersey, the Supreme Court held that a fact must be submitted to a jury and found beyond a reasonable doubt if it increases a defendant's statutory mandatory maximum sentence. Alleyne extends this principle to facts that increase a defendant's statutory mandatory minimum sentence. The Supreme Court held, in United States v. Booker, 543 U.S. 220 (2005), that Apprendi was not retroactively applicable. While the Supreme Court has not decided whether Alleyne applies retroactively to cases on collateral review, the United States Court of Appeals for the Seventh Circuit has suggested, without deciding, that because "Alleyne is an extension of Apprendi ... [t]his implies that the Court will not

declare Alleyne to be retroactive." Simpson v. United States, 721 F.3d 875, 2013 WL 3455876, at * 1 (7th Cir. July 10, 2013). At this time, several district courts have held that Alleyne does not apply retroactively to cases on collateral review. See Lassalle-Velazquez v. United States, 2013 WL 4459044 (D.P.R. Aug. 16, 2013); United States v. Stanley, 2013 WL 3752126, at *7 (N.D.Okla. July 16, 2013); United States v. Eziolisa, 2013 WL 3812087, at *2 (S.D.Ohio July 22, 2013); Affolter v. United States, 2013 WL 3884176, at *2 (E.D.Mo. July 26, 2013); United States v. Reyes, 2013 WL 4042508, at *19 (E.D.Pa. Aug. 8, 2013). Since neither the Supreme Court nor the First Circuit has held Alleyne to be retroactively applicable, we decline to do so here.

Even if the principle articulated in Alleyne were retroactively applicable, we see no reason why Alleyne would be of any help to the Petitioner. Unlike in Alleyne, Petitioner opted to plead guilty and forego a jury trial. Therefore, the statutory minimums applied to his sentence, and the proffer of evidence against him, were solidly covered by the plea agreement accepted and agreed to by Petitioner. (Crim. Docket No. 999.)

Petitioner has made no argument that would justify equitable tolling. Summary dismissal is in order. See Lattimore v. Dubois, 311 F.3d 46, 54 (1st Cir.2002) (holding that a prisoner's habeas petition filed one day late was time-barred by § 2255(f)). Therefore, this court has no authority to consider Petitioner's present 2255 motion, and it must be dismissed.

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of her constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of February, 2014.

                                                            S/José Antonio Fusté
                                                            JOSE ANTONIO FUSTE
                                                            U. S. DISTRICT JUDGE